435 F.2d 838
 John J. MOONEY and Francis J. Quillinan, Trustees of BarChris Construction Corp., Debtor, Plaintiffs-Appellants,
v.
Christie F. VITOLO, Leonard P. Russo, Leborio Pugliese, Bertram D. Coleman, Philip R. Grant, Peter Morgan, Drexel & Co., John Ames Ballard, John Boyer, and Samuel Weiss, Defendants-Appellees.
 Nos. 33-35.
 Docket 34240.
 Docket 24254.
 Docket 34273.
 United States Court of Appeals, Second Circuit.
 Argued September 17, 1970.
 Decided October 20, 1970.
 
 Alex L. Rosen, New York City, for plaintiffs-appellants.
 Ralph M. Carson, New York City, (Davis, Polk & Wardwell, and Thomas P Griesa, New York City, of counsel), for Bertram D. Coleman, John Ames Ballard, John Boyer and Drexel & Co.
 Krause, Hirsch & Gross, New York City for Christie F. Vitolo, Leonard P. Russo and Leborio Pugliese.
 Olwine, Connelly, Chase, O'Donnell & Weyher, John Logan O'Donnell and James E. Tolan, New York City, for Philip R. Grant.
 Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal from the United States District Court for the Southern District of New York involving three orders of Judge Sylvester J. Ryan holding that the plaintiffs, trustees in bankruptcy of BarChris Corporation, have failed to state a claim for which relief can be granted. The first appeal is from an order dated September 26, 1968, wherein the complaint as first amended was dismissed with leave to replead. The second appeal is from an order of June 4, 1969 dismissing the second amended complaint without leave to replead. The third appeal is from an order dated October 28, 1969, in which Judge Ryan in substance denied a motion for leave to appeal.
 
 
 2
 Defendant Drexel & Co. was the managing underwriter of a $4,500,000 convertible debenture issue of BarChris sold in May, 1961. Defendant Bertram Coleman was a partner in Drexel & Co. and defendant John Boyer was an employee of that firm. Defendant John Ames Ballard is a partner in the law firm of Drinker, Biddle and Reath, attorneys for Drexel & Co. Defendants Christie F. Vitolo, Leonard P. Russo and Leborio Pugliese were officers of BarChris during 1960-62, the period covered by this complaint. In addition, all of the individual defendants were directors of BarChris during all or part of the period in question.[1]
 
 
 3
 It is an accepted principle of federal practice that a litigant ought not be denied his day in court merely on the ground that his complaint is inartfully drawn. The generosity of the federal courts in this respect is too well known to require long recitation. See e.g., Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); A. T. Brod & Co. v. Perlow, 375 F.2d 393, 398 (2d Cir. 1967); Dioguardi v. Durning, 139 F.2d 774, 775 (2d Cir. 1944).
 
 
 4
 Defendants here have been accused of fraud as well as negligence in connection with their efforts on behalf of and as part of the management of BarChris. Therefore, pursuant to F.R. C.P. 9(b), "the circumstances constituting fraud or mistake" should have been "stated with particularity." Perma Research and Development Co. v. Singer Co., 410 F.2d 572, 576 (2d Cir. 1969); Robison v. Caster, 356 F.2d 924 (7th Cir. 1966); Harvey v. Sadler, 331 F.2d 387, 390 (9th Cir. 1964).
 
 
 5
 We have also considered here the fact that plaintiffs, as trustees of BarChris have had extensive access to the records and files of the bankrupt corporation. We conclude in the light of these two factors and after an examination of the complaint in its three forms that the trustees have failed to state a claim on which relief can be granted. Plaintiffs here were twice given an opportunity to replead. Therefore, it was within the sound discretion of the District Court to deny leave to replead on the third attempt. Fed.R.Civ.P. 15(a); Dostert v. Crowley, 394 F.2d 178 (4th Cir. 1968); Kamsler v. H. A. Seinscheimer Co., 347 F.2d 740 (7th Cir.), cert. denied, 382 U.S. 837, 86 S.Ct. 84, 15 L. Ed.2d 79 (1965); Shall v. Henry, 211 F.2d 226, 231 (7th Cir. 1954).
 
 
 6
 The judgments below are affirmed, with costs to appellee.
 
 
 
 Notes:
 
 
 [1]
 Defendant Samuel Weiss was not a director. He was among those against whom the first two complaints, now dismissed, were directed. The third complaint was not directed against him and, therefore, he remains in the case only nominally