In the Matter of Frederick Roy PETERSON, Bankrupt.

FIRST NATIONAL BANK AND TRUST COMPANY

and

Kaiser Agricultural Chemicals, Plaintiffs Appellants,

v.

Frederick Roy PETERSON, Appellee,

and

Frank R. Cullum, Trustee, Defendants.

Bankruptcy No. 677–17.

United States District Court,
S. D. Georgia,
Swainsboro Division.

Jan. 18, 1980.

Paul W. Calhoun, Jr., Malcolm F. Bryant, Jr., Vidalia, Ga., for plaintiffs-appellants.

B. P. Jackson, Jr., Vidalia, Ga., for defendant.

## ORDER ON APPEAL FROM BANKRUPTCY COURT

BOWEN, District Judge.

This is an appeal in the bankruptcy case of Frederick Roy Peterson. The order transmitting the appeal was entered by the Honorable Herman W. Coolidge, Bankruptcy Judge, on November 14, 1977. At that time, the Swainsboro Division filings of this District were assigned to the District Judge Resident in the Savannah Division. Since the transmittal of the appeal to the District Court, two District Judges have been appointed and death has taken another. The provisions of Local Rule 2.1 are now effective and this appeal now faces its third

District Judge. Obviously, a prompt decision is required.

The Court has reviewed the items designated as the record on appeal. The memorandum and order prepared by the Bankruptcy Judge on October 4, 1977, contains only a perfunctory compliance with the mandates of Bankruptcy Rule 752 requiring specific findings of fact and separately stated conclusions of law thereon.

The memorandum of the Bankruptcy Judge outlines the allegations of the plaintiff's complaint in four categories. The Bankruptcy Reform Act of 1978 does not apply here. The substance of the plaintiff's complaint lies in § 14c(1), (2), (4), and (7). Although not completely stated in the memorandum of the Bankruptcy Judge, the transcript of the September 19, 1977, trial is determinative of the appeal and the objections raised under Bankruptcy Act § 14c(1), (4), and (7) [see transcript, pages 1–14]. No evidence was adduced by the plaintiff to prove the allegations made under the three preceding subsections. The case of the plaintiff was closed without such proof [transcript, page 14].

■ Although it is not so treated in the memorandum of the Bankruptcy Judge, a review of the evidence presented at the September 19, 1977, trial requires the conclusion that a motion for appropriate relief in the nature of a motion for a directed verdict (for the plaintiff's failure to adduce evidence sufficient to make out a prima facie case) should then have been granted as to the § 14c(1), (4) and (7) objections. Bankruptcy Rule 407 places the burden of proving the facts essential to an objection squarely upon the plaintiff. Insufficient or nonexistent evidence cannot carry the burden of proof contemplated in Bankruptcy Rule 407. Accordingly, the Bankruptcy Judge was correct in denying the objection of the plaintiffs to the discharge of the bankrupt defendant with respect to the allegations of the complaint which are grounded in Bankruptcy Act § 14c(1), (4), and (7). Insofar as this appeal concerns those subsections of § 14 of the Bankruptcy Act, and any allegations of the complaint made thereunder, the order of the Bankruptcy Judge, and any judgment entered thereon, *is affirmed.*

■ The designation of the record on appeal entered by the Bankruptcy Judge on November 14, 1977, does not include the complaint or the answer. While Bankruptcy Rule 806 casts the burden of the preparation of the record on appeal upon the parties, it would seem appropriate for the Bankruptcy Judge to forward such necessary documents. The reviewing court cannot examine the language of the allegations of the complaint, and must rely on the memorandum of the Bankruptcy Judge for that purpose. His memorandum states that the complaint also alleges "(1) that the bankrupt failed to keep or preserve books of account or records from which his financial condition and business transaction (sic) might be ascertained." This is an allegation which is sufficient to support an objection to discharge under Section 14c(2). Evidence was adduced by the plaintiff on this point.

In the memorandum of the Bankruptcy Judge, under the heading *"FINDINGS OF FACT"* there are some real findings of fact, some contentions of the parties, a naked reference as to sufficiency of evidence, and a restatement of a portion of the testimony. The *"CONCLUSIONS OF LAW"* contained in the memorandum also reflect some findings of fact.

■ The requirements of Bankruptcy Rule 752 regarding findings of fact and conclusions of law are for the dual benefit of the parties and the reviewing court. The Bankruptcy Judge, acting under the authority of the Bankruptcy Act and Rules, or under the expanded authority of the Bankruptcy Reform Act of 1978, acts with the authority (and the responsibility) of a Federal court of record and a fully judicial adjunct of the District Court. It is the duty of the reviewing court to accept the factual findings of the court below unless they are "clearly erroneous". It is the function of the District Court to reverse "clearly erroneous" findings of fact and to correct errors

of law. A distinct division of what is fact and what is law is necessary to adequate review and appeal. Unless the record (the memorandum of the Bankruptcy Judge) completely and specially states the findings of fact of the Bankruptcy Judge, and unless the conclusions of law made by the Judge are related to those specially found facts, the reviewing court can neither accept nor reject as "clearly erroneous" any findings of fact, nor can it determine whether the existing law has been correctly applied to those facts as found by the Judge. *Helliwell v. Haberman*, (2d Cir.) 140 F.2d 833.

There is sufficient testimony on the question of whether the bankrupt failed to keep or preserve books of account or records from which his financial condition and business transactions may be ascertained to require adequate treatment of this issue in the orders of the Bankruptcy Judge. The mere facts that the bankrupt explained that his creditors kept records of interest payments and that his employer kept records of payroll deductions does not excuse a person with a $23,000.00 annual income (and who has extensive debt) from keeping records from which his financial condition, etc. may be ascertained. Regardless of those records which are required by the Internal Revenue Service to support entries in income tax returns, the creditors are entitled to have full information about the financial transactions of the bankrupt, if the bankrupt is to have his discharge. A postmaster earning $23,000.00 per year is not an individual whom creditors might reasonably expect will deal on a strictly cash basis from his back pocket, or by payroll deductions. The evidence presented, though it touches only one of the allegations of the complaint, presents thorny, factual and legal problems. These problems have been inadequately treated by the memorandum of the Bankruptcy Judge.

ACCORDINGLY, IT IS HEREBY ORDERED that the memorandum and order entered by the Bankruptcy Judge on October 4, 1977, and any judgment entered thereon are:

(a) affirmed insofar as the order and judgment of the Bankruptcy Judge pertains to any objection to discharge raised by the plaintiffs in their complaint under the provisions of Bankruptcy Act § 14c(1), (4), and (7);

(b) remanded pursuant to the provisions of Bankruptcy Rule 810, together with the entire record on appeal, to the Bankruptcy Judge for further consideration or new trial, and for the entry of specially stated findings of fact and separately stated conclusions of law thereon pursuant to the mandates of Bankruptcy Rule 752.

IT IS FURTHER ORDERED that this appeal is dismissed, and that all costs herein shall be taxed equally between the appellants and the appellee, and that no further reporting or filing of the Bankruptcy Judge with the District Court is required herein; provided however, that the parties shall have the right to present to this Court any new appeals which they may deem appropriate in light of the findings and conclusions of the Bankruptcy Judge pursuant to his reconsideration of the adversary proceeding, or any new trial thereon.