**In the Matter of Sanford FODIMAN, Debtor.**

**Bankruptcy No. 81 B 10899.**

United States Bankruptcy Court, S. D. New York.

March 30, 1982.

Bruce Roswick, New York City, for debtor.

Siegel, Sommers & Schwartz, New York City, for Third Nat. Bank of Hampden County.

MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

The Third National Bank of Hampden County ("Bank") filed a complaint before this Court on August 7, 1981. The Bank seeks to bar the discharge in bankruptcy of Sanford S. Fodiman ("Fodiman") based on alleged violations of Bankruptcy Code sec-

tion 727. Additionally, the Bank seeks damages and attorneys' fees. On August 14, 1981, Fodiman moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure (F.R.Civ.P.) 12 and Rule 712 of Bankruptcy Procedure. Fodiman asserts that the complaint fails to state a claim upon which relief can be granted and fails to state with any particularity the allegation of fraud. Additionally, Fodiman requests costs and attorneys' fees.

After a hearing of September 2, 1981, on the parties' motions, the Court dismisses the complaint against Fodiman for the reasons set forth below. Additionally, we decline to award costs and attorneys' fees.

 The Bank's complaint against Fodiman is asserted against Fodiman which fails to meet the criteria of Code section 727. The Bank alleges that Fodiman made a fraudulent transfer of Vermont real property on December 4, 1979. Since Fodiman filed a petition in bankruptcy on April 30, 1981, the transfer of real property occurred more than a year prior to the filing of the petition. Section 727 states:

(a) The court shall grant the debtor a discharge, unless . . .

(2) the debtor, with intent to hinder delay, or defraud a creditor . . . transferred . . .

(A) property of the debtor, within one year before the date of the filing of the petition. . . .

Thus, the transfer of real property mentioned in the complaint cannot be scrutinized under section 727. "A debtor will not be denied a discharge under section 727(a)(2) unless it is shown that the act complained of was done subsequent to one year before the date of the filing of the petition under the Code." 4 *Collier on Bankruptcy* ¶ 727.02 (15th ed.1981). Nor is the allegation of fraudulent transfer saved by the fact that Vermont law reaches any fraudulent transfer occurring within 18 months of insolvency. The Bankruptcy Code governs in bankruptcy matters where there might be a conflict with other statutes. Fodiman's transfer of an interest in real property in 1979 is not a part of Fodiman's estate as administered by this Court, is not subject to be listed as assets of Fodiman on the schedules submitted to the court, and is not subject to scrutiny under section 727.

The complaint further alleges in paragraphs 9, 10, and 11 that "on information and belief" Fodiman "may remain the owner" of certain named stocks. The Bank failed to make mention of the allegations of possible continuance of stock ownership in the hearing before this Court of September 2, 1981, or in its Affidavit In Opposition of Motion, Section 727(a) states:

(a) The court shall grant the debtor a discharge, unless . . .

(4) The debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account.

Section 727 follows 14c(1) of the Bankruptcy Act, the predecessor statute to the Code. Act section 14c(1) specifies the elements of an objection to discharge as: (1) a concealment of property belonging to the bankrupt estate; (2) done by the bankrupt; (3) from the trustee; and (4) such concealment being knowingly and fraudulently done. 1A *Collier on Bankruptcy* ¶ 14.19 (14th ed.1978).

 Rule 709 of Bankruptcy Procedure "expressly adopts" Rule 9 of the Federal Rules of Civil Procedure. 2A *Moore's Federal Practice* ¶ 9.03 (2nd Ed.1981). F.R. Civ.P. 9(b) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In this case, the Bank's allegations of fraud, based on "information and belief" are simply too vague to initiate an action in fraud. This defect in the Bank's pleadings regarding Fodiman's alleged stock ownership remains uncured despite opportunities for the Bank to provide specificity at the September 2nd hearing and by its affidavit. Instead these allegations went unmentioned. The complaint fails to make an allegation which will initiate an action in fraud and provide a bar to discharge.

Finally, this Court considers the parties requests for reasonable costs and attorneys' fees. The circumstances presented in the instant case do not warrant this award.

The complaint against Fodiman by the Third National Bank of Hampden County is hereby dismissed. This Court further declines to grant costs and attorneys' fees.

It is so ordered.