**In re Emil Paul KLEIN, Debtor.**

**Joseph MELOHN d/b/a Marjo Enterprises, Plaintiff,**

v.

**Emil Paul KLEIN, Defendant.**

**Bankruptcy No. 882–81032–18.**

**Adv. No. 883–0066–18.**

United States Bankruptcy Court, E.D. New York.

Aug. 4, 1983.

See also, Bkrtcy., 30 B.R. 727.

Fensterheim & Fensterheim, New York City, for plaintiff.

Holland & Zinker, Smithtown, N.Y., for defendant.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

The plaintiff in this action objects to the debtor's discharge and to the dischargeability of the debt owed the plaintiff. The debtor has moved for judgment on the pleadings. In response, the plaintiff has cross-moved for leave to file an amended complaint.

## FACTS

Plaintiff, Joseph Melohn d/b/a Marjo Enterprises, obtained judgment against the debtor, Emil Paul Klein, in Supreme Court of the State of New York, County of Nassau, on or about February 8, 1979, in the amount of $124,337.06. Judgment was based on a loan transacted in 1975. The debtor instituted Chapter 13 bankruptcy proceedings on April 16, 1982. His petition was duly converted to Chapter 7 on August 2, 1982.

This adversary proceeding was commenced on February 2, 1983. Plaintiff seeks the denial of the debtor's discharge in bankruptcy, or in the alternative, a declaration of nondischargeability with respect to the aforesaid judgment debt. The complaint is predicated upon five separate legal theories pursuant to 11 U.S.C. § 727(a)(2), (3), (4), and 11 U.S.C. § 523(a)(2)(A) and (a)(2)(B). Plaintiff alleges that: (1) the debtor has fraudulently concealed assets within one year prior to the institution of bankruptcy proceedings; (2) the debtor has made false oaths in connection with his bankruptcy proceedings; (3) the debtor has failed to keep adequate records; (4) the loan which is the subject of the debt was procured as a result of a fraudulent misrepresentation by the debtor; and (5) the loan was procured by use of a materially false financial statement submitted by the debtor with intent to deceive the plaintiff, and upon which the plaintiff relied in extending credit. The debtor contends that the original complaint is defective in that it alleges no facts in support of its legal theories.

The court is now presented with the debtor's motion for judgment on the pleadings pursuant to Bankruptcy Rule 712, and the plaintiff's cross-motion for leave to file an amended complaint pursuant to Bankruptcy Rule 715. The primary issue raised is whether the plaintiff, subsequent to the expiration of the time for filing objections to discharge, may amend his allegedly defective complaint to state a cause of action.

## DISCUSSION

The sufficiency of the plaintiff's pleadings is determined by the Federal Rules of

Civil Procedure (hereinafter F.R.Civ.P.) as made applicable to these proceedings by the Bankruptcy Rules. "A party may amend his pleading [after a responsive pleading has been filed] only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." F.R.Civ.P. 15(a). Moreover, "[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." F.R. Civ.P. 15(c).

■ A complaint which fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," F.R.Civ.P. 8, may be corrected by amendment under proper circumstances. The Federal Rules provide for such amendments in order to facilitate decisions on the merits. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore, leave to file an amended pleading should be granted unless there is some valid ground for denial. 4 Collier on Bankruptcy 727–87 (15th ed. 1983).

The plaintiff's complaint is based on several transactions that may be categorized as follows: (1) fraudulent misconduct in connection with the debtor's loan application to the plaintiff; (2) failure to keep or supply the trustee with financial records; and (3) fraudulent misconduct in connection with the debtor's bankruptcy proceedings. The facts alleged in the complaint identify the creditor, and refer to the state court judgment, the proof of claim filed with this court, and the amount claimed by the creditor.

The debtor urges two grounds for denying the plaintiff leave to amend his complaint: (1) the complaint was filed without any knowledge or belief in the legitimacy of the claims therein, and was intended only to extend the time for filing objections to discharge while the plaintiff "fished" for legitimate claims in the discovery process; and (2) the original complaint lacks allegations to which the proposed amendment would relate back. The plaintiff asserts that: (1)

the original complaint was sufficient, and the proposed amendment, as an amplification of the original claims, should relate back; and (2) even if the original complaint is deficient, relation back would be proper because the complaint provided the debtor with sufficient notice of the impending action, so that he would not be unduly prejudiced by the proposed amendment.

The debtor's first contention, that the complaint was filed without any knowledge or belief in the legitimacy of the causes of action attempted to be asserted therein, is not supported by the facts and circumstances of this case. The first meeting of creditors, in which the plaintiff was an active participant, was held prior to the filing of the original complaint. The factual specifications of the proposed amendment of the complaint are primarily based on the debtor's testimony at that meeting. It appears that the lack of factual detail in the original complaint was the result of an inadvertent omission, rather than an indication that the filing of the complaint was a dilatory tactic. There is therefore no basis in fact for the debtor's first ground for denying the plaintiff leave to amend his complaint.

■ Since the time for filing objections to discharge has already expired, the primary issue to be decided is whether the proposed amendment would relate back to the original complaint. It would be a futile gesture for this court to grant leave to amend if the complaint, as amended, would be time barred. *Green v. Wolf,* 50 F.R.D. 220 (S.D.N.Y.1970). The test of relation back is whether the original complaint puts the defendant on notice of the general wrong or conduct to which the amendment pertains. The inquiry should focus on the notice given by the general fact situation as set forth in the original pleadings. *Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir. 1973); *Matter of REA Holding Corp.,* 8 B.R. 75, 80 (Bkrtcy.S.D.N.Y.1980); *In re Franklin National Bank,* 2 B.R. 687, 713 (D.E.D.N.Y.1979).

■ The first category of claims delineated above, *i.e.,* those involving misconduct in connection with the loan, is supported by

several specific factual allegations in the complaint. Since these allegations concern fraud and intent to deceive, they must be pleaded with particularity. F.R.Civ.P. 9(a); *Mooney v. Vitolo,* 435 F.2d 838, 839 (2d Cir.1970); *Matter of Fodiman,* 18 B.R. 965, 966 (Bkrtcy.S.D.N.Y.1982). The court need not decide whether the original complaint is sufficiently particularized to state a cause of action. The original complaint gave the debtor sufficient notice of the claims by identifying the transaction on which the claims were based and specifying the relief sought. The proposed amendment would cure the alleged defects. Since the debtor had notice of the impending suit, he would not be unduly prejudiced by an amendment which merely adds factual detail to the original claims. There is therefore no valid ground for denying the plaintiff leave to amend the allegations of the complaint pertaining to nondischargeability.

■ The second category of actions pertains to the debtor's failure to keep records from which his financial condition may be ascertained, and the debtor's failure to provide the trustee with such records. Although the actions under section 727(a)(3), (a)(4)(D) are almost a literal recitation of the bare statutory language, this in itself does not render the pleading deficient. The standard of sufficiency of the complaint is whether it informs the debtor of the facts upon which the plaintiff is relying for relief, so that the debtor may frame a responsive pleading and prepare for trial. 2A Moore's Federal Practice 8–103 (2d ed. 1982). In this case, the scope of the records to be kept by the debtor is defined by the statutory language of 11 U.S.C. § 727(a)(3). The debtor's preparation for trial in this regard merely involves compilation of records from which his financial condition may be ascertained. *See, e.g., Noroian v. Hern,* 422 F.2d 1092 (9th Cir.1970). Moreover, the debtor has already filed a detailed responsive pleading to these allegations. The complaint alleges the conduct which would bar the debtor's discharge. The amendment pertains to the same conduct. There is therefore no valid ground for denying the plaintiff leave to amend his complaint with respect to these claims. *See In re Hart,* 461

F.Supp. 328 (E.D.Ark.1978) (objection to discharge for failure to keep records was pleaded in statutory language and held to be sufficient to state a cause of action); *see also Matter of Peterson,* 2 B.R. 402 (D.S.D. Ga.1980).

■ The remaining allegations of the complaint involve fraudulent misconduct with respect to the debtor's bankruptcy proceedings. As framed in the original complaint, these claims may well be deficient under the applicable standards of F.R. Civ.P. 8, and 9(a). *See Matter of Fodiman, supra* at 966; *Mooney v. Vitolo, supra* at 839. However, failure to allege specific conduct will not preclude relation back of amendments if the debtor was put on notice of the general contentions respecting objections to discharge. *Matter of REA Holding Corp., supra* at 80; *In re McGuff,* 3 B.R. 66 (Bkrtcy.S.D.Cal.1980). A litigant ought not be denied his day in court merely on the ground that the complaint was inartfully drawn. *Mooney v. Vitolo, supra* at 839.

The plaintiff's allegations in the original complaint put the debtor on notice of the grounds for objections to discharge. The failure to plead with particularity might have rendered the original complaint subject to dismissal, but it does not follow that a complaint lacking in factual detail is incapable of amendment. *E.g. In re McGuff, supra* at 71. In recognition of one of the broad purposes of the Federal Rules, that cases be decided on the merits, courts faced with similar decisions have either permitted amendment of the pleadings or suggested that amendment would have been proper. *See Matter of Fodiman, supra* at 966 (defects remained uncured despite opportunities to provide specificity; complaint dismissed); *In re Hart, supra* at 330 (uncertainty could have been dispelled by a motion to amend at any time. It was not; complaint dismissed); *cf. In re McGuff, supra* at 70–71 (complaint employed actual wording of the statute; leave to amend granted on plaintiff's motion).

■ It should also be noted that the complaint, while vague with respect to these allegations, was sufficient to allow

the debtor to file a responsive pleading. In addition, these proceedings have yet to progress beyond discovery. Either party may use discovery to narrow the issues of the pleadings for trial. The debtor has had adequate notice from the original complaint, and would, in light of the proposed amendment, have been provided with sufficient factual detail to adequately prepare for trial. Since he would not be unduly prejudiced by an amendment with respect to these claims, and since the amendment pertains to the conduct attempted to be set forth in the original complaint, relation back is proper and leave to amend should be given.

Accordingly, plaintiff's motion for leave to amend the complaint is hereby granted, and debtor's motion for judgment on the pleadings is hereby denied.

It is SO ORDERED.