In re Clarence B. TESTER, Betty C. Tester, Debtors.

**AMERICAN HONDA FINANCE CORPORATION, Plaintiff,**

v.

**Clarence TESTER, et ux., Defendants.**

Bankruptcy No. 7–85–00029–R.
Adv. No. 7–85–0074.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Sept. 24, 1985.

Douglas D. Wilson, Roanoke, Virginia, for debtors/defendants.

Arthur P. Strickland, Roanoke, Virginia, for plaintiff.

A. Carter Magee, Jr., Roanoke, Virginia, Chapter 7 trustee.

**MEMORANDUM OPINION
AND ORDER**

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiff, American Honda Finance Corporation, filed a motion to amend its origi-

nal Complaint to allege that the failure of the Debtors, Clarence and Betty Tester, to account for funds amounted to a willful injury to Plaintiff under 11 U.S.C. § 523(a)(6). Upon hearing at a Pre-Trial Conference and submission of Authorities by Counsel, for the reasons stated herein, the motion to amend is denied.

The facts are simple and not in dispute. The Debtors filed their petition in this Court seeking relief under Chapter 7 on December 31, 1984. A scheduled Meeting of Creditors pursuant to 11 U.S.C. § 341 was held on February 14, 1985. The Debtors were granted a discharge on April 17, 1985. Plaintiff timely filed its Complaint initiating this adversary proceeding on April 11, 1985. The Complaint alleged generally that the Debtors' failure to account for funds received from the sale of inventory under floor plan financing as outlined in the Security Agreement amounted to fraud or defalcation and embezzlement or larceny within the meaning of 11 U.S.C. § 523(a)(4), and sought a nondischargeable judgment of Plaintiff's debt in the amount of $15,-196.78.

On July 24, 1985, Plaintiff, following various pre-trial proceedings, filed its motion, presently before this Court, to amend its Complaint to assert an additional ground for non-dischargeability under § 523(a)(6). Debtors object to the proposed amendment as not timely made under the limitation sixty-day period set by *Federal Bankruptcy Rule* 4004.[1]

Plaintiff contends that *Federal Bankruptcy Rule* 7015, which applies *Federal Rule of Civil Procedure* 15 to adversary proceedings, favors amendment in this case. *Federal Rule of Civil Procedure* 15(a) provides that leave to amend shall be freely granted when justice so requires. Furthermore, sub-section (c) states that whenever the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading.

*Rule* 4004 outlines the time limitations for filing objections to discharge in bankruptcy. Sub-section (a) requires that a Complaint objecting to a discharge under 11 U.S.C. § 727(a) "be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a)." Under sub-section (b), the court may extend the time for filing a Complaint objecting to discharge on motion of any party in interest. The second sentence of sub-section (b), however, requires that this motion to extend the time for filing an objection must be made before the time allowed for objections to discharge has expired. 6 *Norton Bankruptcy Law and Practice* Rule 4004 at 233–4 (1984). *In re Mickel*, 35 B.R. 28, 29 n. 1 (Bankr.D. S.C.1983).

*Rule* 4004 must be read in conjunction with *Rule* 9006(b)(3)[2], which states in pertinent part that the court may enlarge the time for taking action under *Rule* 4004(a) only to the extent and under the conditions stated in *Rule* 4004. Consequently, in a Chapter 7 case, a creditor is obliged to either file a Complaint objecting to discharge under § 727(a) or to file a motion to extend the time for filing a Complaint with-

---

**1.** Rule 4004. Grant Or Denial of Discharge

(a) Time for filing complaint objecting to discharge; notice of time fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

(b) Extension of Time. On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

**2.** Rule 9006. Time

(b)(3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

in sixty (60) days of the first date set for the § 341 creditors' meeting.

■ Applying these rules to the facts of this case, it is apparent that the motion cannot be granted. The Debtors have filed a petition for relief under Chapter 7. The § 341 Meeting of Creditors was held on February 14, 1985. Under *Rule* 4004(a), objections to discharge under § 727(a) must be made within sixty (60) days of this meeting. The Plaintiff filed its original Complaint on April 11, 1985, within this sixty-day time limit. The motion before this Court states another ground of objection to discharge under a different Code provision. It was filed on July 24, 1985, over three (3) months after the required deadline. The Plaintiff has made no other motion for extension of the time for filing objections. Under the limitations of *Rule* 9006(b)(3) and the mandatory language of *Rule* 4004, this Court cannot enlarge the time for taking action. The new Bankruptcy Rules establish a date certain by which Complaints objecting to discharge must be filed, or by which motions to extend the filing date must be filed. *See In re Lane*, 37 B.R. 410, 414 (Bankr.E.D.Va.1984). The Court has no discretion to grant such a request when it is made after the deadline has passed. *In re Barr*, 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985); *In re Lane, supra*, at 414. *See also In re Floyd*, 37 B.R. 890, 892 (Bankr.N.D. Texas 1984); *In re Johnson*, 35 B.R. 79, 80 (Bankr.Conn.1983); *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S.D. N.Y.1983).

■ Plaintiff's motion to amend sets forth a new basis for objecting to discharge. It seeks to add a new legal theory of willful and malicious injury, not stated in the original Complaint, to be proved and to be met in defense. As a general rule, additional or new grounds of objection may not be added by way of amendment filed after the deadline for filing Complaints objecting to discharge has passed. *In re Herrera*, 36 B.R. 693, 694 (Bankr.D.Colo. 1984). *See also* 4 *Collier on Bankruptcy*, ¶ 727.14[4] at 724-84-5 (15th ed.1985); *In re Anderson*, 30 B.R. 229, 233 (Bankr.S.D.

Fla.1983). *See also In re Fischer*, 4 B.R. 517 (Bankr.S.D.Fla.1980).

The parties have conducted a series of discovery procedures over a two-month period based on the original Complaint. This discovery was completed almost a month prior to the motion seeking to set forth the new cause of action. This potential basis for objection to discharge was known to the Plaintiff at all times; it is not the result of additional facts learned of during discovery. Plaintiff has stated that the new cause of action is not based on any additional factual allegations. It was possible for Plaintiff to assert this objection at the time it filed its original Complaint. Plaintiff cannot now be heard to complain of its failure to state its grounds of objection to discharge within the time limit prescribed by the new Bankruptcy Rules. *Accord In re Nowacki*, 39 B.R. 35 (Bankr.N.D. Ohio 1984) (court refused extension of time when all facts necessary for asserting objection known to creditor by deadline for filing). This Court has previously recognized that where asserting a cause of action is not beyond an attorney's reasonable control, it is his duty to either timely file or request an extension of time for filing in this Court. *In re Rogers*, 2 B.R. 485, 487 (Bankr.W.D.Va.1979).

Plaintiff contends that this Court should be guided by *In re Klein*, 31 B.R. 947 (Bankr.E.D.N.Y.1983). In *Klein*, the court allowed amendment to the Complaint subsequent to the time for filing objections to discharge. In doing so, it allowed the amendment to date back to the date of the original complaint. The court reasoned that the original Complaint gave the debtor sufficient notice of the claims based on fraud, and that he would not be unduly prejudiced by an amendment which merely added factual detail to the original claims. *Id.* at 951.

The *Klein* decision, however, is distinguishable from the present case. In *Klein*, the original Complaint was allegedly a defective one. The creditor was allowed to supply additional factual information to state with particularity the existing allega-

tions of his Complaint. In this case, on the other hand, Plaintiff's Complaint was complete on its face. It stated a cause of action for nondischargeability under § 523(a)(4). The *Klein* decision is distinguishable.

 *Federal Bankruptcy Rule* 7015 (F.R.C.P. Rule 15) is to be liberally construed to permit amendment to pleadings. This standard is inapplicable where dischargeability questions are raised under *Rule* 4004. Any effort to extend the limitation period should be strictly construed in favor of the debtor. *See Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). The draftsmen of *Rule* 4004 obviously intended such results.

Accordingly, it is

### ORDERED

that Plaintiff's motion to amend its Complaint to assert a new ground of nondischargeability under § 523(a)(6), having not been filed within the applicable time limits, is DENIED.