In re Mordechai Zev HALBERSTRAM, Debtor.

Yevgenia SHAPIRO and Andres Odolfski, Plaintiffs,

v.

Mordechai Zev HALBERSTRAM, Defendant.

Bankruptcy No. 195–17261–352.
Adversary No. 195–1539–352.

United States Bankruptcy Court, E.D. New York.

March 20, 1998.

David Doyaga, Brooklyn, NY, for plaintiffs.

Ernest Hammer, New York City, for plaintiffs.

Neiman, Ginsburg & Mairanz, P.C. by Gary Ginsburg, New York City, for Debtor–Defendant.

Paul I. Krohn, Brooklyn, NY, Chapter 7 Trustee.

## DECISION

MARVIN A. HOLLAND, Bankruptcy Judge.

The Debtor–Defendant has moved to dismiss this 11 U.S.C. § 523 action pursuant to Rule No. 12 of the Federal Rules of Civil Procedure (hereinafter "Fed.R.Civ.P.") made applicable to this proceeding by Rule Nos. 7004, 7008, 7012, 9006, and 9011 of the Federal Rules of Bankruptcy Procedure (hereinafter "Fed.R.Bankr.P."). The Plaintiffs have moved for sanctions for the Debtor–Defendant's failure to comply with discovery requests. After deliberation and consideration of the facts and issues raised herein, both motions are denied.

## BACKGROUND

The Debtor–Defendant's Chapter 7 petition was filed on August 28, 1995. The Plaintiffs initiated this adversary proceeding on October 20, 1995.[1] The time to file com-

---

1. The original complaint sought money damages based on detailed allegations that "the plaintiffs invested and loaned a total of $215,000 to a limited partnership," and that such loans would not have been made but for the Debtor–Defendant's "false, fraudulent misrepresentations and

plaints to determine dischargeability expired on December 27, 1995.

Seven days after the filing of the complaint, a form summons was issued by the Clerk of the Court. The Debtor–Defendant acknowledges receiving a copy of a complaint and summons by way of U.S. Mail in an envelope postmarked November 17, 1995.[2] (Halberstram Affirm. of 8/28/96, at ¶ 1, Ex. B.)

However, the summons received by the Debtor–Defendant was not the one issued by the Clerk of the Court. It was stamped with the wrong case number (A.P. No. 195–1530–352 vs. A.P. 195–1539–352) and did not contain the information required by Fed. R.Civ.P. 4(a) made applicable to bankruptcy by Fed.R.Bankr.P. 7004(a) in that, among other deficiencies, it failed to inform the Debtor–Defendant of a scheduled pre-trial conference and the date within which an answer had to be interposed. The served summons did, however, alert the Debtor–Defendant of the consequences of not responding [3]; and was stamped with an index number, a date/time stamp from the Clerk of the Court, and a stamp conveying information about the required format for documents to be filed in the case.[4] The accompanying complaint contained neither the signature required by Fed.R.Bankr.P. 9011, nor the jurisdictional allegations required by Fed. R.Bankr.P. 7008.

On December 15, 1995, the Debtor–Defendant, acting *pro se,* responded to the summons and complaint by filing a timely answer and counterclaim.[5] No responsive pleading

has been made by the Plaintiffs to the counterclaim.

After learning that the complaint contained numerous defects, the Plaintiffs' counsel, Ernest Hammer, Esq. (hereinafter "Mr. Hammer"), moved for leave to amend, for an extension of the time to comply with this Court's standing pre-trial discovery order, and to vacate the automatic stay. The motions to amend the complaint and comply with the pre-trial discovery order were granted by an order dated February 28, 1996 allowing Mr. Hammer until March 8, 1996 to address the deficiencies. (*See* Ginsburg Affirm. in Supp. of Def.['s] Mot. to Dismiss, 8/28/96, Ex. G.)

A hearing was also held on February 28, 1996, to consider sanctions for Mr. Hammer's failure to comply with this Court's standing discovery order. Based upon the numerous defects in his papers and his delay of the case, as well as his admitted lack of familiarity with bankruptcy practice (Tr. 2/7/96 at 3–8), Mr. Hammer was directed to complete a 2–day course in bankruptcy practice and to perform eight hours of *pro bono* legal service in an area outside of bankruptcy in which he was proficient, before he could return to practice in the bankruptcy court. (Tr. 2/28/96 at 4 (the "sanctions order").)

An amended complaint was filed with the Clerk of the Court on March 26, 1996; 18 days after the time granted to reply. This amended complaint, signed by Mr. Hammer, contained two causes of action under 11 U.S.C. § 523 seeking to have monies allegedly owed to the Plaintiffs declared non-dischargeable. *Supra* at n. 1.[6] Mr. Hammer

---

failure of disclosure, a failure of disclosure being actionable as fraud." (Compl. at ¶¶ 4,11.)

**2.** On February 2, 1996, a proof of service, presumably for the unsigned summons, was filed confirming the November 17, 1995 mailing and states that the papers were delivered to a "Ms. Horowitz" at the Debtor–Defendant's residence on November 16, 1995.

**3.** The served summons stated:
"IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT."

**4.** In addition to the case number and the date, the document was stamped as follows:

"ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY BOTH ADVERSARY AND BANKRUPTCY CASE NUMBERS, CHAPTER, AND NAME OF JUDGE ASSIGNED TO THE CASE."

**5.** The counterclaim sought $29,476.69 for a loan allegedly made by the Debtor–Defendant to the Plaintiffs.

**6.** This compares to the original complaint which simply sought money damages pursuant to the provisions of the bankruptcy rules governing adversary proceedings "... § 7001, et seq." (Compl. dated October 19, 1995 at ¶ 3.)

stated in court that the amended complaint had been served (Tr. 3/27/96 at 4), although the Debtor–Defendant denies ever having received it. (Halberstram Affirm. at ¶ 6.) [7]

On March 27, 1996, Mr. Hammer took the position that the sanctions order deprived the Plaintiffs of counsel. The Court responded by directing Mr. Hammer to have the Plaintiffs obtain competent counsel. (Tr. 3/27/96 at 6, 8.) The Plaintiffs then retained new counsel who attempted to initiate discovery. These efforts were unsuccessful, and on July 10, 1996, the Plaintiffs filed a motion for sanctions and to compel compliance with discovery requests.

In June of 1996, the Debtor–Defendant retained counsel. On August 28, 1996, his counsel filed an amended answer to the *original* complaint, abandoning the counterclaim and raising several additional defenses based essentially upon the same grounds ' which comprise the instant motion to dismiss and which can be summarized as follows:

(1) failure to timely serve a proper summons issued by the Clerk of the Court in compliance with Fed.R.Civ.P. 4(a), (b), (d)(1), and (j), and Fed.R.Bankr.P. 7004(a), (b)(9), (f), and (g),

(2) failure to set forth in the complaint the jurisdictional statements required by Fed.R.Bankr.P. 7008(a) and Fed. R.Civ.P. 8(a),

(3) lack of personal/subject matter jurisdiction of this Court and failure to state a claim in the original complaint pursuant to Fed.R.Bankr.P. 7012(b) and 7015(a), and Fed.R.Civ.P. 12(a)(2), (b), (h)(1)(B), (h)(3), and 15(a),

(4) failure to comply with Fed.R.Bankr.P. 9011(a) and Fed.R.Civ.P. 11(a), and

(5) failure to comply with Fed.R.Bankr.P. 9006(b)(1) and Fed.R.Civ.P. 6(b) by not timely complying with this Court's order allowing the Plaintiffs to re-serve the complaint.

The Plaintiffs filed objections to the motion to dismiss. For the following reasons, both motions, the Plaintiffs' motion for sanctions and the Debtor–Defendant's motion to dismiss, are denied.

## DISCUSSION

The Debtor–Defendant seeks dismissal of this 11 U.S.C. § 523 adversary proceeding alleging lack of personal jurisdiction as a result of a host of procedural irregularities and oversights. As a general rule, procedural issues are to be resolved as a matter of substance rather than form. *See* 1 James W. Moore et al., Moore's Manual: Federal Practice and Procedure § 9.01 (1997) citing cases. This presumption takes on greater significance where, as here, the debtor's attempt to obtain dismissal on procedural grounds can only be perceived as an attempt to avoid reaching the merits of the dispute.

*The Summonses*

The Debtor–Defendant raises two serious deficiencies with the summonses: (1) the summons served on the Debtor–Defendant was not signed by the Clerk of the Court, and (2) a proper summons was not timely served within the required 10–day time period required by Fed.R.Bankr.P. 7004(f). These deficiencies, however, were nullified by the Debtor–Defendant's timely answer and active participation without objection or reservation. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984) ("a defendant's answer and appearance in an action 'should be enough to prevent any technical error in form from invalidating the process.'") (quoting 4 C. Wright, A. Miller, M. Kane, Federal Practice & Procedure: Civil § 1088, at 155 (1983)), *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir.1987).

The defects in Mr. Hammer's summons, both major and minor, were not a flagrant attempt by the Plaintiffs to circumvent established requirements. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3rd Cir.1996) (dismissal affirmed where the plaintiff-attor-

---

7. No proof of service accompanied the filed amended complaint or was subsequently filed. The filed amended complaint was stapled in the same litigation back to a document entitled "Statement In Compliance With Standing Discovery Order In Adversary Proceeding Assigned to Judge Holland." The attached affirmation of service for this document, however, listed only the Statement in Compliance as being served on the Debtor–Defendant.

ney never obtained a clerk-issued summons prior to serving unsigned summons), *Macaluso v. New York State Dept. of Envtl. Conservation,* 115 F.R.D. 16 (E.D.N.Y.1986) (court denied leave to amend where the complaint and unsigned summons were served before the complaint was filed with the clerk). Service of process is primarily a notice giving device[8], and Mr. Hammer's summons, whatever its defects, at least succeeded in giving notice of the commencement of this proceeding as evidenced by the Debtor–Defendant's timely-filed answer and prompt participation in matters before this Court without protest or objection.[9] *See Santos v. State Farm Fire and Casualty, Co.,* 902 F.2d 1092, 1096 (2d Cir.1990) (noting the defendant's duty to promptly alert plaintiffs of deficiencies with service of process). Accordingly, not only was there no prejudice occasioned by these defects, *see United States v. Carney,* 796 F.Supp. 700 (E.D.N.Y. 1992), but his participation without objection constituted a waiver. *Santos,* 902 F.2d at 1096.

■ However, the Plaintiffs failed to respond to the counterclaim contained in the original answer. This provided the Debtor–Defendant an opportunity pursuant to Fed.R.Civ.P. 15(a), to file an amended answer in which he raised the issues of improper issuance and service.[10] Having raised these issues, he immediately sought to adjudicate them by the instant motion pursuant to Fed.R.Civ.P. 12.[11] In so doing, however, he confuses his right to plead the technically deficient service with his entitlement to draconian relief on that ground.

At this stage of the proceeding, these objections should not be given serious consideration. The amended answer was filed almost nine months after the original answer, only after the Plaintiffs sought sanctions for the Debtor–Defendant's failure to comply with discovery requests, and at a time when the newly raised problems had already been waived. Moreover, the amended answer, which for the first time raises the summons issues, abandons the counterclaim. To subject the Plaintiffs to the harsh penalty of dismissal for failure to have responded to a withdrawn counterclaim would hardly be an appropriate result.

■ Although this adversary proceeding was commenced by Attorney Hammer, his lack of training, experience, knowledge, and skill in either the substance or procedure of bankruptcy, rendered the Plaintiffs *de facto pro se.* The Plaintiffs are elderly immigrants whose facility with the English language is minimal and whose familiarity, much less comfort, with the American federal judicial system is even less. Their allegation is that they have been cheated by the Debtor–Defendant. Just like *pro se* litigants, plaintiffs must be given every reasonable opportunity to reach a fair and impartial resolution on the merits. Fed.R.Civ.P. 4(a) and Fed.R.Bankr.P 7004 provide that "the court may allow a summons to be amended." Therefore, since no prejudice has ensued, to the extent required we hereby allow such amendment as may be necessary, and to the extent necessary we deem it to have been so amended.

---

8. "The primary function of Rule 4 is to provide the mechanism for bringing notice of the commencement of an action to defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." 4 C. Wright & A. Miller, Federal Practice & Procedure: Civil 2d § 1063, at 225 (1987).

9. *See* Tr. 2/7/96.

10. Fed.R.Civ.P. 15(a) allows a party to amend their pleadings "once as a matter of course at any time before a responsive pleading is served." A reply to a counterclaim is a responsive pleading. Fed.R.Civ.P. 7(a) provides that there shall be a reply to a counterclaim.

11. Fed.R.Civ.P. 12(h) authorizes *inter alia* that the defenses of lack of jurisdiction, insufficiency of process, and insufficiency of service of process may be raised in an amended answer so long as the amendment conforms to Fed.R.Civ.P. 15(a). However "[r]ule 12(h) was intended to 'eliminate the piecemeal assertion of Rule 12 defenses' by forcing litigants to voice jurisdictional objections before the court wastes its time adjudicating issues over which it has no jurisdiction." *Schneider v. Natal. R.R. Passenger Corp.,* 72 F.3d 17 (2d Cir.1995) (quoting 2A Moore's Federal Practice ¶ 12.23). This admonition is especially applicable, given the context in which the amended answer was filed.

*The Complaint*

The Debtor–Defendant raises several deficiencies with the complaint: (1) that it failed to state a claim, (2) that it did not contain the jurisdictional allegations required by Fed. R.Bankr.P. 7008(a) and Fed.R.Civ.P. 8(a), and (3) that it was unsigned. Given the information contained in both the original and amended answer, as well as the circumstances of this motion, these defects are not fatal.

The Plaintiffs rely on three of the seven defenses which may be the basis of a Fed. R.Civ.P. 12(b) motion to dismiss: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, and (6) failure to state a claim upon which relief can be granted.[12] (Debtor–Def.['s] Mem. of Law In Supp. of Mot. to Dismiss at 3.) Fed.R.Civ.P. 12(h)(3) allows the court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . . ."

■ The Debtor–Defendant asserts that since the Plaintiffs' original complaint alleged merely "a pre-petition state cause of action . . ." that dismissal is warranted pursuant to Fed.R.Civ.P. 12(b) and (h)(3). (Ginsburg Affirm. at ¶ 2.) The Plaintiffs' original complaint was filed at the end of the period permitted by the Bankruptcy Rules to object to the dischargeability of a debt.[13] This complaint failed to include a jurisdictional statement and, aside from a general reference to the rules governing adversary proceedings, it did not set forth the sections of the Bankruptcy Code, such as 11 U.S.C. § 523, under which the proceeding was brought. The absence of a jurisdictional statement in the complaint is generally treated as a technical deficiency which does not reflexively warrant dismissal, especially in cases where deception is not claimed. *In re Carlson,* 202 B.R. 946, 948 (Bankr.N.D.Ill.1996) ("[I]t is not essential that a complaint set forth the statutory basis for a court's jurisdiction in order for a court to assume jurisdiction if the facts alleged provide a basis for assumption for jurisdiction.") (citations omitted), *In re Jagitsch,* 201 B.R. 961, 963 (Bankr.E.D.Ark.1996).[14]

■■ While new or additional grounds for seeking an exception to discharge pursuant to 11 U.S.C. § 523 may not be added after the deadline for the filing of complaints has passed, amplification of timely-filed complaints may be permitted. *In re Klein,* 31 B.R. 947 (Bankr.E.D.N.Y.1983). Whether the amendment constitutes an additional ground or amplification of a timely, but unartfully articulated ground is determined not so much by the way the opposing party characterizes it but rather by the sufficiency of the information provided to the party served. *In re Perez,* 173 B.R. 284, 293 (Bankr.E.D.N.Y.1994) (previously an unarticulated claim pursuant to 11 U.S.C. § 727(a)(4)(A), and not subject to dismissal based upon Fed.R.Bankr.P. 4004(a) because the claim relates back to the same transaction in the original complaint based upon a different legal theory).

The test "is whether the original complaint puts the defendant on notice of the general wrong or conduct to which the amendment pertains. The inquiry should focus on the notice given by the general fact situation as set forth in the original plead-

---

**12.** The seven defenses which may be the basis of a Fed.R.Civ.P. 12(b) motion to dismiss are: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, and (7) failure to join a party under Rule 19.

**13.** Fed.R.Bankr.P. 4007(c) requires proceedings "to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

**14.** *Compare, In re Natale,* 136 B.R. 344 (Bankr. E.D.N.Y.1992) (complaint dismissed on "totality of deficiencies" including lack of jurisdictional statement, glaring deficiencies in pleading needed allegations, and a "calculated" failure to allege applicable statutory subsection resulting in a "deliberately vague" cause of action). Here the construction of the Plaintiffs' complaint does not reflect a malevolent intent. The complaint, while lacking a proper jurisdictional statement, alleges sufficient facts to make clear the relief being sought in this Court.

ings." *Id.* at 290 (quoting *Klein,* 31 B.R. at 950). The original complaint, whatever else its failings, amply set forth a detailed portrait of the parties' relationship sufficient to provide the Debtor–Defendant with notice of the Plaintiffs' alleged grievance. The complaint consists of over five pages of allegations detailing transactions between the parties—allegations which include specific names, dates, and references specific correspondence. So while the original complaint was not identified as a proceeding pursuant to 11 U.S.C. § 523, it timely set forth adequate information to apprise the Debtor–Defendant of the transaction in question and the nature of the relief being sought, namely, the recovery of the money they claim to have been defrauded out of by the Debtor–Defendant notwithstanding his potential discharge in bankruptcy.

■ Moreover, to the extent that any complaint-related deficiency might be construed as resulting in the Plaintiffs' claim running afoul of the deadline pursuant to Fed. R.Bankr.P. 4007(c) for the filing of a dischargeability complaint, such deadline is not an insurmountable, jurisdictional impediment. *In re Benedict,* 90 F.3d 50, 54 (2d Cir.1996) ("time period imposed by Rule 4007(c) is not jurisdictional").

■ Even the failure to sign the original complaint is not fatal in this case. The Debtor–Defendant seeks dismissal pursuant to Fed.R.Bankr.P. 9011 due to Mr. Hammer's failure to sign the original complaint. Fed. R.Bankr.P. 9011(a), as in effect at the time these pleadings were filed, required that "[e]very petition, pleading, motion and other paper served or filed in a case...shall be signed...." Among other sanctions, a violation of Fed.R.Bankr.P. 9011 will result in the striking of the pleading only if the deficiency is not corrected upon being "called to the attention of the person whose signature is required."

In February of 1996, this Court originally pointed out the deficiency to Mr. Hammer, pursuant to Fed.R.Bankr.P. 9011(a) (Tr. 2/7/96 at 4–5), and Mr. Hammer cured this defect by signing the filed, amended complaint.

*Failure To Serve the Amended Complaint*

■ The final component of the Debtor–Defendant's motion brought, pursuant to Fed.R.Civ.P. "12(b)–(h)", involves the Plaintiffs' failure to serve an amended complaint within the time provided by this Court's February 28, 1996 order. The Plaintiffs filed their amended complaint 18 days late. The Debtor–Defendant asserts that dismissal is warranted, because the Plaintiffs did not comply with the order and failed to seek an extension *prior* to the time set forth in the order as required by Fed.R.Bankr.P. 9006(b)(1).

Rather than treating this as the Debtor–Defendant does, as a ground for dismissal under Fed.R.Civ.P. 12, this argument is more appropriately addressed under Fed.R.Civ.P. 41(b), made applicable by Fed.R.Bankr.P. 7041, which provides for involuntary dismissal of a proceeding for a party's failure to comply with a court order.

■ The five factors for dismissal pursuant to Fed.R.Civ.P. 41(b) are: (1) the duration of the plaintiffs' failure to comply with the court order, (2) whether the plaintiffs were on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs' interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Jackson v. City of New York,* 22 F.3d 71, 74–76 (2d Cir.1994), *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988)).

The delay in filing the amended complaint was 18 days. Given the timing of the instant motion coupled with his amended answer, the Debtor–Defendant cannot claim to have been prejudiced by the late filing of the amended complaint. This Court believes that the Plaintiffs' interests outweigh the burden that this action will place on this Court. Finally, in requiring the Plaintiffs to replace Mr. Hammer, sufficient sanctions have already

been visited upon the person who caused the problem. There is nothing further to be gained by imposing the additional sanction of dismissal upon the innocent Plaintiffs.

*The Discovery Motion*

The Plaintiffs' motion for sanctions for failure to provide discovery requires little analysis. Since the inception of this adversary proceeding, there has been a complete restructuring of the body of attorneys responsible for the conduct. Moreover, the attorney who represented the Plaintiffs at the time the instant motions were made has been relieved, although no replacement has been obtained. Under the circumstances, in order to get to the merits expeditiously, discovery should commence afresh and proceed apace. The unfortunate historical aspects of discovery herein may be revisited to the unlikely extent that further court intervention may be necessary to complete pre-trial preparation.

### CONCLUSION

1. All motions addressed herein are denied.

2. The Plaintiffs are urged to obtain immediate, substitute counsel, or to apprise themselves of both the substantive and procedural aspects of this case sufficient to enable themselves to participate expeditiously and efficiently.

3. A separate order will be entered hereon in accordance with the foregoing and restoring this matter to the pretrial calendar in order to schedule further proceedings.