In re Dennis E. CARLSON, Debtor.

Dennis E. CARLSON, Plaintiff,

v.

ATTORNEY REGISTRATION AND DIS-
CIPLINARY COMMISSION OF THE
SUPREME COURT OF ILLINOIS, De-
fendant.

Bankruptcy No. 96 B 09606.
Adversary No. 96 A 00883.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 14, 1996.

Dennis E. Carlson, pro se.

Vasiliki Verveniotis, Chicago, IL, for Defendant.

William Brandt, Jr., Chapter 7 Trustee.

---

*MEMORANDUM OPINION*

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy proceeding by Dennis Carlson ("Debtor" or "Carlson") originally filed under Chapter 11 of the Bankruptcy Code (the "Code"), 11 U.S.C. § 101 *et seq.*, subsequently converted to Chapter 7. Debtor filed this adversary complaint against the Attorney Registration and Disciplinary Commission ("ARDC") seeking a determination and declaration of dischargeability of this debt to the ARDC. Carlson asserts that costs assessed following an ARDC disciplinary hearing against him are dischargeable. The defendant ARDC moved for dismissal, which motion was treated as a motion for summary judgment because it relied on appended exhibits not otherwise part of the record.

After it was announced from the bench that the motion to dismiss would be treated as a motion for summary judgment (under Fed.R.Civ.P. 12(b) [Fed.R.Bankr.P. 7012]), a briefing schedule was set. ARDC filed under Local Bankruptcy Rule 402.M its statement of material facts as to which it asserted there is no genuine dispute, a memorandum of law, and exhibits in support of its motion. Carlson failed to respond in compliance with Local Bankruptcy Rule 402.N. Rather, Carlson filed an emergency motion to defer rul-

ing and to extend time to respond. He was granted additional time, and his emergency motion was ordered to stand as part of his response to ARDC's summary judgment motion. Carlson subsequently filed a supplement to that response. However, at no time did Carlson address the statement of facts asserted in ARDC's 402.M Statement. Thus, all facts thereby asserted by ARDC are deemed admitted.

For reasons stated below, ARDC's motion for summary judgment is allowed.

### Required Procedure for a Motion for Summary Judgment

Fed.R.Civ.P. 12(b) (applicable in adversary proceedings pursuant to Fed.R.Bankr.P. 7012) provides:

> If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(b) thus gives the trial court a choice when parties present materials beyond the pleadings. As stated, it was announced that the Court would treat the motion to dismiss as one for summary judgment, and both parties were given the opportunity to file materials in conformity with Fed.R.Civ.P. 56 (applicable in adversary proceedings pursuant to Fed.R.Bankr.P. 7056) and Local Bankruptcy Rules 402.M and 402.N of the Bankruptcy Rules adopted for this District (which in substance follow Rules 12.M and 12.N of the Rules of the District Court for the Northern District of Illinois).

Rule 402.M requires the party moving for summary judgment to file, among other things, a detailed statement ("402.M statement") of material facts as to which the movant contends there is no genuine issue. The opposing party is required by Local

Rule 402.N to file a response ("402.N statement") to the 402.M statement, paragraph by paragraph, and to set forth any material facts which would require denial of summary judgment, specifically referring to the record for support of each denial of fact.

As stated, ARDC filed a 402.M Statement; but Carlson's response did not conform to Local Bankr.R. 402.N. Moreover, Carlson did not contest any of ARDC's alleged facts. Rather, Carlson argued legal issues.

Any response to a 402.M must be in the form of a 402.N statement. Failure to comply with requirements of Rule 402 results in the opponent's fact statements being deemed admitted. Thus, the facts contained in ARDC's 402.M Statement are deemed admitted. From that Statement are derived the following description of facts not in material dispute.

### Facts as to Which There is No Material Dispute

On March 26, 1996, the Supreme Court of the State of Illinois entered an order suspending Carlson from the practice of law for sixty days in *In re Dennis Eric Carlson*, Commission No. 93 CH 643, Supreme Court No. M.R. 11984. On April 3, 1996, the ARDC Administrator filed with the Illinois Supreme Court a statement of costs incurred during the disciplinary proceeding in the total amount of $5,977.08, and served a copy of the statement on Carlson.

On April 16, 1996, Carlson filed a voluntary petition for relief in bankruptcy under Chapter 11 of the United States Bankruptcy Code. In his petition, Carlson listed the ARDC as one of his twenty largest creditors. On June 24, 1996, on Carlson's motion, the Bankruptcy Court converted his Chapter 11 petition into one under Chapter 7. Also on June 24, 1996, Carlson filed the present case as his "Adversary Complaint to Declare Dischargeability for Costs Claimed by the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois." Carlson sought therein to discharge the debt for the costs that ARDC asserts he owes to it.

### Jurisdiction

■ ARDC argues that the Complaint is deficient as it does not contain a jurisdictional statement as required by Fed.R.Bankr.P. 7008. Fed.R.Bankr.P. 7008(a) provides, "Rule 8 Fed.R.Civ.P. applies in adversary proceedings ... In an adversary proceeding before a bankruptcy judge, the complaint ... shall contain a statement that the proceeding is core or noncore...." Fed.R.Civ.P. 8(a) provides, "a pleading which sets forth a claim for relief ... shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it...."

■ Debtor's complaint contains no such jurisdictional statement nor any allegation that the proceeding is core or non-core as required by Rule 7008. However, it is not essential that a complaint set forth the statutory basis for a court's jurisdiction in order for a court to assume jurisdiction if the facts alleged provide a basis for assumption of jurisdiction. *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir.1986) (*citing Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978)).

Here, Debtor alleges that a certain debt is dischargeable in bankruptcy, and the defendant denies that assertion. Thus, this Court has subject matter jurisdiction to hear such a claim under 28 U.S.C. § 1334. Debtor's failure to allege jurisdiction was not itself a jurisdictional defect.

This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### Abstention

■ ARDC requests that this Court abstain from adjudicating this matter under 28

U.S.C. § 1334(c)(1) as there is an alleged state court proceeding where these issues can be adjudicated. As the party moving for abstention, ARDC has the burden to establish that abstention under 28 U.S.C. § 1334(c)(I) is appropriate. *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 769 (Bankr. N.D.Ill.1993); *In re Chapman*, 132 B.R. 153 (Bankr.N.D.Ill.1991). Discretionary abstention under 28 U.S.C. § 1334(c)(1) warrants abstention in the interest of justice, or comity, or out of respect for state law. *In re Mill–Craft Bldg. Systems, Inc.*, 57 B.R. 531, 534–35 (Bankr.E.D.Wis.1986). The Seventh Circuit has recommended twelve factors to be applied flexibly in determining whether abstention is appropriate under § 1334(c)(1). *Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993):

> (1) the effect on the efficient administration of the estate, (2) the predomination of state law over bankruptcy issues, (3) the unsettled nature of the applicable law, (4) the presence of a related court proceeding, (5) the jurisdictional basis outside of 28 U.S.C. § 1334, (6) the relationship of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters, (9) the burden of the bankruptcy court's docket, (10) the likelihood of forum shopping, (11) the right to a jury trial, and (12) the presence of non-debtor parties.

*Id.* However, abstention under § 1334(c)(1) is considered under the trial judge's discretion. Moreover, abstention is an "extraordinary and narrow exception to the federal court's duty to adjudicate a controversy properly before it." *In re Ascher*, 128 B.R. 639, 646 (Bankr.N.D.Ill.1991) (*citing In re Chateaugay Corp.*, 1990 Bankr.Lexis 1499 (Bankr.S.D.N.Y.1990)); *In re Wilson*, 85 B.R. 722, 726–27 (Bankr.E.D.Pa.1988). Here, where the proceeding is a core matter in bankruptcy, determination is almost entirely a matter of federal bankruptcy law, there have been no allegations of forum shopping, and the proceeding can be efficiently resolved in bankruptcy court, the Court will not exercise its discretion to abstain. *In re Roberson*, 187 B.R. 159, 162 (Bankr.E.D.Va.1995).

### Standards for Summary Judgment

Summary judgment motions are governed by Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is granted to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

The moving party in a motion for summary judgment has the initial burden of demonstrating that there are no genuine issues of material fact and that judgment in its favor should be granted as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "The party opposing the motion may not rest upon mere allegations or denials in its pleadings. Rather, its response must set forth in required filings specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1355–56. Still, a dispute of a material fact will only prevent summary judgment if the disputed fact is outcome determinative under applicable law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### Discussion

The party seeking to establish an exception to discharge of debt bears the bur-

den of proof, *First Federated Life Ins. Co. v. Martin (In re Martin)*, 698 F.2d 883, 887 (7th Cir.1983), to be met by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To further the policy of providing a debtor with a fresh start in bankruptcy, exceptions to discharge are construed strictly against the creditor and liberally in favor of the debtor. *Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670, 674 (7th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 563, 133 L.Ed.2d 488 (1995); *Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir.1994); *Matter of Scarlata*, 979 F.2d 521 (7th Cir.1992). Discharge is an essential feature to this notion of a "fresh start" in bankruptcy. *In the Matter of Marchiando*, 13 F.3d 1111, 1115 (7th Cir.1994), *cert. denied*, — U.S. ——, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994).

ARDC seeks judgment that the debt assertedly owed is non-dischargeable under 11 U.S.C. § 523(a)(7). Section 523(a)(7) excepts from discharge a debt constituting a government "fine, penalty, or forfeiture ... and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). Thus, in order to except this debt from discharge, ARDC must show: (1) the debt is in the nature of a "fine, penalty, or forfeiture" and "not compensation for actual pecuniary loss," and (2) ARDC is a "governmental unit."

Debtor does not challenge ARDC's status as a government entity. It has properly been held that ARDC is indeed a governmental entity for purposes of 11 U.S.C. § 523(a)(7). *In re Betts*, 149 B.R. 891 (Bankr.N.D.Ill.1993) (*citing generally In re Haberman*, 137 B.R. 292, 294-95 (Bankr. E.D.Wis.1992); *In re Wade*, 115 B.R. 222, 228 (9th Cir. BAP 1990), *aff'd*, 948 F.2d 1122, 1123 (9th Cir.1991); *In re Lewis*, 151 B.R. 200, 202 (Bankr.C.D.Ill.1992)), *aff'd sub nom. Betts v. Attorney Registration and Disciplinary Commission*, 165 B.R. 870 (N.D.Ill. 1994), *aff'd*, 51 F.3d 275 (Table) (7th Cir.), *cert. denied*, — U.S.——, 116 S.Ct. 571, 133 L.Ed.2d 495 (1995).

Moreover, every court that has been found to have reviewed the issue has determined that costs levied in connection with an attorney disciplinary hearing fall within the § 523(a)(7) exception to discharge. *See Betts*, 149 B.R. 891; *Haberman*, 137 B.R. 292; *Wade*, 115 B.R. 222; *Lewis*, 151 B.R. 200; *Betts v. Attorney Registration and Disciplinary Commission*, 165 B.R. 870 (N.D.Ill. 1994); *In re Doerr*, 185 B.R. 533 (Bankr. W.D.Mi.1995); *In re Williams*, 158 B.R. 488 (Bankr.D.Idaho 1993).

The reasoning of these cases is sound, well-grounded, and persuasive. In general, the cited opinions all determined that disciplinary costs are penal in nature. "Disciplinary costs are synonymous to a fine imposed as a component of a criminal sentence to be paid to the estate." *Lewis*, 151 B.R. at 203. "Restitution obligations imposed as a condition of probation in state criminal proceedings are not dischargeable." *Betts*, 149 B.R. at 896 (*quoting Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)). The "ultimate goal of both criminal proceedings and attorney disciplinary proceedings is to protect the public." *Haberman*, 137 B.R. at 295-96. Costs are only assessed in disciplinary proceedings if the attorney is actually disciplined. *Lewis*, 151 B.R. at 203. The imposition of costs is only triggered by misconduct on the part of the attorney. *Betts*, 165 B.R. at 874. Moreover, even in states where costs assessed under a state rule or statute providing costs for state bar organizations or disciplinary and registration associations, such are not compensatory because state attorney disciplinary associations receive their operating costs through the state, *Haberman*, 137 B.R. at 295-96, or through annual license registration and renewal fees. *Lewis*, 151 B.R. at 203; *Betts*, 149 B.R. at 896; *Doerr*, 185 B.R. at 536. Rules requiring disciplined attorneys to pay costs are "primarily intended to deter attorneys from engaging in improper conduct." *Haberman*, 137 B.R. at 296.

In *In re Tapper*, 123 B.R. 594 (Bankr. N.D.Ill.1991), it was determined that costs awarded to the attorney general in connection with violations of the Consumer Fraud and Deceptive Practices Act were discharge-

able in bankruptcy. However, those costs are distinguishable from costs awarded in connection with attorney disciplinary hearings. The costs awarded in *Tapper* were compensation for actual pecuniary loss and were similar to costs connected with a civil proceeding. In contrast, an attorney disciplinary hearing is akin to a quasi-criminal proceeding and costs awarded are more akin to a fine than to compensation for losses.

Debtor argues that *Betts* and cases following it do not apply here because those cases do not discuss authorities he cites here. Debtor relies here on a number of other cases dealing with state court disciplinary proceedings, the dischargeability of a judgment debt for legal malpractice, and the Supremacy Clause of the United States Constitution. *Matter of Brints Cotton Marketing, Inc.*, 737 F.2d 1338 (5th Cir.1984); *Kwasnik v. State Bar of California*, 50 Cal.3d 1061, 269 Cal.Rptr. 749, 791 P.2d 319 (1990); *In re Conte*, 33 F.3d 303 (3rd Cir.1994); *In re Vrdolyak*, 137 Ill.2d 407, 148 Ill.Dec. 243, 560 N.E.2d 840 (1990); and *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

Debtor argues that *Brints Cotton* stands for the proposition that the bankruptcy court is entitled to determine the allowability of claims. Supplemental Reply, p. 3. *Brints Cotton* held that the bankruptcy court has discretion to estimate unliquidated claims, an issue not pertinent here. The issue in *Kwasnik* was whether a wrongful death judgment could be used against an attorney in a recertification suit as an example of poor character. That California state court suit has little, if anything, to do with the dischargeability of costs in a bankruptcy case or the constitutionality of the statute imposing those costs. *Conte* dealt with the non-dischargeability of a judgment debt for legal malpractice. Section 523(a)(7) of the Bankruptcy Code was not as issue nor were costs

assessed in any proceeding, disciplinary or otherwise. That case is not applicable to the matter at hand. *Vrdolyak* was a case dealing with attorney disciplinary proceedings and an attorney/alderman's conflict of interest. Not only was bankruptcy dischargeability not at issue, but the opinion does not reveal that costs were imposed.

■ Debtor relies heavily on *Perez*. That case, decided by the United States Supreme Court, dealt with an Arizona statute which expressly provided that a discharge in bankruptcy had no effect on the obligation to pay a judgment creditor for expenses arising out of an automobile accident. Thus, an unpaid judgment dischargeable in bankruptcy could still be used against a former debtor despite the Bankruptcy Code. The Supreme Court opinion determined that the Arizona statute was constitutionally invalid, holding that the only constitutional method for defining the scope and effect of a discharge in bankruptcy was by amendment of the Bankruptcy Act, not through a state motor vehicle statute. *Perez*, 402 U.S. at 656, 91 S.Ct. at 1714. Congress has the exclusive, unrestricted, and paramount power to establish "uniform Laws on the subject of Bankruptcies throughout the United States." *Perez*, 402 U.S. at 659, 91 S.Ct. at 1716 (Blackman, J., concurring) (*citing* U.S. Const. Art. I, § 8, cl. 4). It is the fundamental construct of the Supremacy Clause of the United States Constitution that state laws are invalid to the extent that they conflict with federal laws.[1] *In re Kazi*, 125 B.R. 981 (Bankr.S.D.Ill.1991), *aff'd*, 1992 WL 611260 (S.D.Ill.1992), *aff'd*, 985 F.2d 318 (7th Cir.1993). "Therefore, any state law that is contrary to federal bankruptcy law, or that frustrates 'the purposes and full effect' of the bankruptcy law is invalid." *Id.* at 985 (*quoting In re Wimmer*, 121 B.R. 539, 543 (Bankr. C.D.Ill.1990), *aff'd*, 129 B.R. 563 (C.D.Ill. 1991); *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971)).

---

**1.** "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every State shall be bound thereby, any thing in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2.

**952**

Thus, an Illinois state law or state Supreme Curt rule providing that a former debtor-attorney who received a bankruptcy discharge would not be reinstated in the Illinois Bar without payment of a dischargeable debt and would be invalid under the Supremacy Clause and *Perez* authority. However, that is not the present situation. Here, an Illinois Supreme Court rule provides for recovery of costs in an ARDC attorney disciplinary hearing where discipline is imposed. The rule of law which excepts these costs from discharge is not a state statute or court rule; rather it is the bankruptcy code itself. 11 U.S.C. § 523(a)(7). Thus, there is no violation of the Supremacy Clause. *Perez* simply does not apply to the situation at bar.

Debtor also argues that ARDC costs are bloated in that ARDC requests recovery of costs "not routinely awarded in state court proceedings and for which no specific rule of court applies. For example, food, hotel, and copy costs...." Debtor's Reply ¶ 5. Illinois Supreme Court Rule 773(a) provides that ARDC costs include witness fees; duplication costs; travel expenses of witnesses, the Administrator and staff, and members of the inquiry, hearing, and review boards; fees of expert witnesses; and court reporting expenses. ARDC's invoice for costs includes witness fees, court reporter costs, travel and duplication expenses as well as miscellaneous mailing and copying costs. Recovery of such costs and expenses are expressly provided for by Ill.Sup.Ct.R. 773(a). To the extent they were properly claimed, they are nondischargeable for reasons earlier discussed. To the extent Debtor quarrels with any of those costs, he can raise those issues in the forum supplied under state law.

### CONCLUSION

For reasons set forth above, by order to be entered, summary judgment will be granted for Defendant ARDC declaring that Debtor's debt for such costs as are found to have been properly assessed against him are non-dischargeable under 11 U.S.C. § 523(a)(7).