## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Joyce D. Burns

v.

James T. Burns

September 19, 2000

Case No. CH98-728-01

By Judge William H. Ledbetter, Jr.

The issue in this show cause proceeding is whether the husband's post-divorce bankruptcy has discharged his obligations under the parties' divorce decree.

### Background

Mr. and Mrs. Burns were divorced in this court by entry of a modified final decree on June 22, 1999. The decree incorporated a property settlement agreement dated December 21, 1998. That agreement contains a number of provisions related to support, property division, and allocation of debts.

The divorce decree also contains provisions related to support and property division, including the sale of the parties' marital residence.

In the decree, Mrs. Burns is awarded periodic spousal support in specific amounts. That clause also contains the following language: "In addition, if and when [Mr. Burns] is unable to provide health care coverage for [Mrs. Burns] through his employer, [Mr. Burns] shall increase the amount of spousal support by the amount necessary for [Mrs. Burns] to obtain health insurance through a provider of her choice. . . ."

Shortly after the divorce, Mr. Burns filed a petition in bankruptcy. He was discharged on November 24, 1999.

On July 10, 2000, by agreement, the case was reopened for entry of a QDRO.

Thereafter, Mrs. Burns filed two petitions for a rule to show cause against Mr. Burns, both of them alleging that he has failed to comply with several provisions in the divorce decree. The rule issued, and the court conducted a hearing on August 21, 2000. This matter was taken under advisement, allowing counsel to submit memoranda. The memoranda have been filed and reviewed.

## Decision

Under 11 U.S.C. § 523(a)(5) of the federal bankruptcy law, a debtor cannot discharge a debt to a spouse or former spouse for alimony or support in connection with a divorce decree or other order of a court of record, or property settlement agreement, if the debt is "actually in the nature of alimony, maintenance, or support." Whether a debt is a support obligation and not dischargeable, or a distribution of property and dischargeable, is a matter of federal law.

In 1994, Congress amended the Bankruptcy Code to expand the nondischargeability of debts to equitable distribution debts. See 11 U.S.C. § 523(a)(15). However, the creditor spouse must initiate an adversarial proceeding in the bankruptcy court within a specified time in order to obtain a determination that the property distribution debt is nondischargeable. The bankruptcy court weighs several statutory factors in making that determination.

It follow that Mr. Burns is correct that this court cannot now enforce the property-related obligations in the divorce decree and property settlement agreement. Mrs. Burns did not initiate an adversarial proceeding in Mr. Burns' bankruptcy case.

The same is not true of Mr. Burns' support-related obligations.

First, the court rejects Mr. Burns' argument that this court has no authority even to consider the issue because the bankruptcy court has sole and exclusive jurisdiction to determine such matters. Mr. Burns confuses determinations regarding the dischargeability of support-related debts with the procedural requirements for determinations regarding the dischargeability of property-related debts under the Bankruptcy Reform Act of 1994. It is well-settled that state courts have concurrent jurisdiction, applying federal law, to determine the dischargeability of support-related debts. See, e.g., *Mosley v. Mosley*, 19 Va. App. 192, 450 S.E.2d 161 (1994); Swisher, Diehl, and Cottrell, *Virginia Family Law* (2d ed. 1997), § 9-21.

The court is of the opinion that the above-quoted provision in the divorce decree concerning health insurance for Mrs. Burns clearly is "actually in the nature of alimony, maintenance, or support" and is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).

Unless Mr. Burns remedies this violation within thirty days, Mrs. Burns may move the court for further proceedings on this rule to show cause.