412

## CIRCUIT COURT OF THE CITY OF NORFOLK

Linda M. Bauer,
f/k/a Linda Bauer Prewitt

v.

Ronald Miles Prewitt

November 14, 2003

Case No. CH90-1714-01/C797-93

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter comes before this Court on a Motion for Show Cause filed by Petitioner Linda M. Bauer.

On April 14, 1993, Linda M. Bauer, Petitioner, and Ronald Miles Prewitt, Respondent, were divorced *a vinculo matrimonii* by decree of this Court. In the Final Decree of Divorce, this Court enumerated payments due to the Petitioner by the Respondent. Those debts specifically at issue in the instant case include: (1) Petitioner's share of the marital domicile, which is $14,600.00 with interest at the legal rate until paid; (2) $4,865.35 toward Petitioner's attorney's fees; and (3) taxable costs of $1,035.35 payable to Donald W. Marcari, attorney for the Petitioner, for costs and fees. *See Prewitt v. Prewitt,* No. C797-93, Final Decree at 4 – 5 (Norfolk Circuit Court Apr. 14, 1993). Respondent subsequently filed for bankruptcy. Both Petitioner and Respondent stipulate that Petitioner was "listed in the bankruptcy filing, that she did receive notice of the bankruptcy, and that she failed to timely object to the dischargeability of the [aforementioned] debts." (Mem. in Opp. to Pet'r Mot. for Show Cause at 1.)

The central issue in the instant case is whether the aforementioned debts are in the nature of support or are, instead, mere property settlements; federal bankruptcy law governs this issue. *Ballard v. Ferraro (In re Ballard),* 2001 Bankr. LEXIS 1661, at *24 (Bankr. E.D. Va. July 17, 2001), *aff'd,* 69 Fed.

Appx. 145 (4th Cir. 2003). It is well settled that state courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of support-related debts; however, bankruptcy courts enjoy exclusive jurisdiction in regards to the dischargeability of property distribution debt. *See Burns v. Burns*, 53 Va. Cir. 283, 284 (Spotsylvania 2000) (citing *Mosley v. Mosley*, 19 Va. App. 192, 450 S.E.2d 161 (1994)); *see* Swisher, Diehl & Cottrell, *Virginia Family Law* § 9-21 (2d ed. 1997).

Pursuant to 11 U.S.C. § 523(a)(5), support-related debts are nondischargeable by the debtor. There are three requirements that must be met before a marital debt becomes nondischargeable under § 523(a)(5): "(1) the debt must be in the nature of alimony, maintenance, or support; (2) it must be owed to a former spouse or child; and (3) it must be in connection with a separation agreement, divorce judgment, or property settlement agreement." *In re Reines*, 142 F.3d 970, 972 (7th Cir. 1998). This exception to discharge "departs from the general policy of absolution, or 'fresh start,' in order to 'enforce an overriding public policy favoring the enforcement of familial obligations'." *Robb-Fulton v. Robb (In re Robb)*, 23 F.3d 895, 897 (4th Cir. 1994) (quoting *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 721 (10th Cir. 1993)).

By contrast, debt categorized as property distribution is governed by 11 U.S.C. § 523(a)(15). Under this section, the creditor spouse must "initiate an adversarial proceeding in the bankruptcy court within a specified time in order to obtain a determination that the property distribution is nondischargeable." *Burns*, 53 Va. Cir. at 284; *see* 11 U.S.C. §§ 523(a)(15) and (c) (2000); Fed. R. Bankr. P. 4007(c).

Although federal law controls for the purpose of determining whether a debt is in the nature of support or property distribution, "state law should not be ignored completely." *Ferraro*, 2001 Bankr. LEXIS 1661, at *25; *Catron v. Catron (In re Catron)*, 164 B.R. 912, 916 (Bankr. E.D. Va. 1994) ("state law is [not] entirely irrelevant because state law may be helpful in understanding the agreement"). "What guides [the court] in deciding whether marital obligations are in the nature of support or a property settlement 'is the intent of the state court in fixing the obligation and the purpose of the obligation in light of the parties' circumstances at the time'." *Ferraro*, 2001 Bankr. LEXIS 1661, at *25 – 26 (quoting *Grasmann v. Grasmann (In re Grasmann)*, 156 B.R. 903, 907 (Bankr. E.D. N.Y. 1992)). "State court labels attached to a spousal obligation, while not binding, may and should be considered. … The bankruptcy court may look to a variety of sources to ascertain the intent of the state court, including all pleadings, orders, transcripts, and the language of the divorce decree." *In re Taylor*, 252 B.R. 346, 352 (Bankr. E.D. Va. 1999).

In determining the nature of a debt, a court should also consider the intent of the parties, utilizing four general factors recognized by the bankruptcy courts: (1) the substance and language of the agreement; (2) the financial situation of the parties at the time of the agreement; (3) the role of the obligation at the time of the agreement; and (4) whether any evidence demonstrates overreaching at the time of the agreement. *Catron v. Catron (In re Catron)*, 164 B.R. 912, 919 (E.D. Va. 1994) (citing *Kettner v. Kettner*; 1991 U.S. Dist. LEXIS 21131 (E.D. Va. 1991)), *aff'd*, 43 F.3d 1465 (4th Cir. 1994); *see also Ferraro*, 2001 Bankr. LEXIS 1661, at *27. Although these factors were originally used in *Kettner v. Kettner* to evaluate the parties' intent in a support agreement, the test can be applied to the Final Decree in the instant case.

This Court stated in the Final Decree of Divorce that the Petitioner's share of the former marital domicile, fixed at $14,600.00 with interest at the legal rate, was to be *"in the nature of support."* *Prewitt*, No. C797-93, Final Decree at 4 (emphasis added). Likewise, the attorney's fees of $4,865.35 and $1,035.35 were fixed by this Court to be paid as *"element[s] of spousal support."* *Id.* at 5 (emphasis added). In Virginia, spousal support can take the form of either lump sum or periodic payments. *Eaton v. Davis*, 176 Va. 330, 338, 10 S.E.2d 893, 897 (1940). It is clear from the language of the Final Decree that this Court intended the aforementioned debts to be in the nature of support and not mere property distribution.

It is clear from the Commissioner's report that, at the time of divorce, Respondent was underemployed, voluntarily reducing his income from his prior employment. The Commissioner also found that, at that time, Petitioner earned less than $25,000 per annum. (*See* Comm'r in Ch. Report at 5.) It is clear that the role and function of the awards were for the maintenance and support of the Petitioner. Further, there is no evidence in the record to support any overreaching or overbearing on the part of the Petitioner.

"[T]he law is well settled in the Fourth Circuit and in the Eastern District of Virginia that attorney's fee awards in divorce may be excepted from discharge under § 523(a)(5)." *Ferraro*, 2001 Bankr. LEXIS 1661, at *100 (quoting *Roberson v. Roberson (In re Roberson)*, 187 B.R. 159, 163 (Bankr. E.D. Va. 1995)); *see Macy v. Macy*, 114 F.3d 1, 3 (1st Cir. 1997) ("[A]ttorneys' fees continue to be governed by section 523(a)(5)."); *Taylor v. Foiles (In re Foiles)*, 176 B.R. 420, 423 – 24 (Bankr. E.D. Va. 1994) ("where an award of attorney's fees is made in conjunction with an award of spousal support, then, despite the absence of other evidence of intent, the attorney's fees are also spousal support"); *Lanting v. Lanting (In re Lanting)*, 198 B.R. 817, 822 (Bankr. N.D. Ala. 1996) ("Ordinarily, any debt for attorney's fees

incurred during a spousal or child support proceeding is nondischargeable pursuant to Section 523(a)(5).").

This Court is of the opinion that the provisions of the Final Decree of Divorce providing: (1) Petitioner's share of the marital domicile, which is $14,600.00 with interest at the legal rate until paid; (2) $4,865.35 toward Petitioner's attorney's fees; and (3) taxable costs of $1,035.35 payable to Donald W. Marcari, attorney for the Petitioner, for costs and fees, are "actually in the nature of alimony, maintenance, or support" and, therefore, are not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).

For the above-stated reasons, the Petitioner's Motion for Show Cause is granted. The Petitioner shall notice the Defendant to appear at a date certain at which time he shall have either paid the sums owed or be prepared to show further cause why he has not.

It is so ordered.