Denise Winter LUPARELLO, Plaintiff,

v.

The INCORPORATED VILLAGE OF GARDEN CITY; and The Garden City Police Department; and Anthony Pontolillo, Defendants.

No. 02–CV–5984 (ADS)(MLO).

United States District Court, E.D. New York.

Nov. 13, 2003.

Victor M. Serby, Esq., Woodmere, NY, for Plaintiff.

Robin, Schepp, Yuhas, Doman & Harris by Louis J. Schepp, Esq., New York City, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Denise Winter Luparello, (the "plaintiff" or "Luparello") commenced this action by filing a complaint on November 12, 2002, against the Incorporated Village of Garden City (the "Village"), the Garden City Police Department (the "Police Department"), and Anthony Pontolillo ("Pontolillo") (collectively, the "defendants") alleging that on August 12, 2001 the defendants violated the Fourteenth Amendment and the Drivers' Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* The complaint alleges that Pontolillo pulled the plaintiff driver over in her car, obtained private information regarding the plaintiff from the vehicle licensing records of the New York State Department of Motor Vehicles (the "DMV") for an impermissible purpose, and seized her car. On January 16, 2003, the defendants filed their answer to the complaint. Presently before the

Court is a motion by the plaintiff to add her husband, Edward Luparello, as a plaintiff pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") and to accept and file her proposed amended complaint pursuant to Rule 15.

The defendants' contend that it would be futile to grant the plaintiff's motion to add Mr. Luparello as a plaintiff and to amend her complaint because the additional claims fail to state claims upon which relief would be granted.

## I. DISCUSSION

### A. The Drivers' Privacy Protection Act

 Under the DPPA it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722(a). "Personal information" is defined as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5–digit zip code), telephone number, and medical or disability information." 18 U.S.C. § 2725(3). "Personal information" but does not include information on vehicular accidents, driving violations, and driver's status. *Id.* The DPPA provides for a civil cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter...." 18 U.S.C. § 2724(a). The term "person" is defined to include "an individual, organization or entity." 18 U.S.C. § 2725(2). Therefore, under the DPPA "any individual whose address was obtained from a motor vehicle record is a proper plaintiff." *Margan v. Niles,* 250 F.Supp.2d 63, 70 (N.D.N.Y.2003).

### B. As to the Addition of Edward Luparello as a Plaintiff

As stated above, the plaintiff is seeking to add her husband, Edward Luparello, as a plaintiff in this action. Under Rule 20(a) of the Federal Rules of Civil Procedure, "[a]ll persons may join in one action as plaintiff if they assert any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." The "same transaction [or] occurrence" has been interpreted to include all "logically related claims by or against different parties to be tried in a single proceeding." *Wilson v. Toussie, et al.,* No. 01 Civ. 4568, 2003 WL 22466219, at * 5 (E.D.N.Y. Oct. 8, 2003) (quoting *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1421 (S.D.N.Y.1989)); *see also Nassau County Assn. of Ins. Agents, Inc. v. Aetna Life & Casualty Co., et al.,* 497 F.2d 1151, 1154 (2d Cir.1974). Rule 20(a) should be liberally interpreted to "enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.,* No. 97 Civ. 4978, 1998 WL 159059, at *5 (S.D.N.Y. April 1, 1998) (internal quotation marks and citation omitted).

In addition, under Rule 21 "[p]arties may be ... added by order of the court on motion of any party ... in such terms as are just." Rule 21 allows the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Residential, Inc.,* No. 01 Civ. 7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003)

Similar to the plaintiff's initial claims, the proposed amended complaint states that in the same incident on August 12,

2001, after Pontolillo pulled the plaintiff over in her car, he obtained the motor vehicle record and personal information of the plaintiff's husband, Edward Luparello, in violation of the DPPA. *See* Proposed Amended Comp. ¶¶ 12, 13. As stated in *Margan v. Niles*, 250 F.Supp.2d 63, 70 (N.D.N.Y.2003), information in a motor vehicle record may pertain to more than just the motor vehicle operator. For example, the title to a motor vehicle that is jointly owned by two or more people (e.g. a husband and wife) will contain information pertaining to all of those people. *Margan v. Niles*, 250 F.Supp.2d at 70. Similarly, the registration of a motor vehicle registered to one spouse ordinarily will contain information regarding the other spouse. *Id.* Therefore, because Pontolillo allegedly obtained Mr. Luparello's "personal identification" during the same transaction and occurrence which gave rise to the plaintiff's claims, Pontolillo may properly be joined as a plaintiff in this action.

## C. As to the Amendments to the Complaint

The plaintiff also seeks to amend her complaint to not only add additional facts which were learned through discovery, but to also assert several causes of action on behalf of her husband, Mr. Luparello. The defendants argue that it would be futile to grant the plaintiff's motion to add Mr. Luparello as a plaintiff and to amend the complaint because the additional claims fail to state a claim upon which relief would be granted.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court stated:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Dluhos v. Floating and Abandoned Vessel Known as "New York"*, 162 F.3d 63, 69 (2d Cir.1998).

Here, the defendants maintain that allowing the plaintiff to amend her complaint would be futile. However, an "amendment is futile only if movants cannot demonstrate 'at least colorable grounds for relief.'" *Sullivan v. West New York Residential, Inc.*, 2003 WL 21056888, at \* 2 (quoting *Ryder Energy Distrib. Corp. v. Merrill Lynch Commod., Inc.*, 748 F.2d 774, 783 (2d Cir.1984)). The "colorable grounds" requirement mandates "an inquiry—comparable to that required by Fed.R.Civ.P. 12(b)(6) . . .—as to whether the proposed amendments state a cognizable claim. . . ." *Barrett v. United States Banknote Corp.*, 806 F.Supp. 1094, 1098 (S.D.N.Y.1992); *see also S.S. Silberblatt, Inc., v. East Harlem Pilot Block–Bldg. 1 Housing Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir.1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action.").

In reviewing the proposed amended complaint, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir.1999); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). The issue is not wheth-

er a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

■ To establish a claim under the DPPA, the plaintiff must establish: (1) that the defendants caused a DMV search to be made as to each plaintiff and (2) that the search was not permitted by any exception to the DPPA. *See Cowan v. Codelia*, 2001 WL 856606, at *8 (S.D.N.Y. July 30, 2001).

The plaintiff's proposed amended complaint alleges, among other things, that on August 12, 2001 Pontolillo obtained the Motor Vehicle Record and personal information of Mr. Luparello. *See* Proposed Amended Comp. ¶ 12. The proposed amended complaint also indicates that Pontolillo violated the DPPA by obtaining Mr. Luparello's "personal information" because Pontolillo had no probable cause or reasonable suspicion to "run the plate" of the vehicle. *See* Proposed Amended Comp. ¶ 11. The defendants fail to support their argument by demonstrating that Pontolillo was, in fact, permitted to obtain this information under an exception to the DPPA. *See* 18 U.S.C. 2721(b).

Thus, by liberally construing the proposed amendments and drawing all reasonable inferences in favor of the plaintiff, the plaintiff has set forth sufficient factual allegations to state a claim with respect to Edward Luparello. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir.1999). Furthermore, to the extent that the proposed amendments may be said to cure deficiencies in the complaint, that result is not a basis for their denial. *See Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir.1970). Accordingly, because the proposed amendments to the complaint state a claim upon which relief can be granted, and the defendants have not indicated that they will be prejudiced in any regard, *see Vulcan Soc.*

*of Westchester County, Inc. v. Fire Dept.*, 82 F.R.D. 379, 386 (S.D.N.Y.1979), the motion to accept the plaintiff's proposed amended complaint pursuant to Rule 15 is **GRANTED**.

## II. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that the plaintiff's motion to add Edward Luparello as a plaintiff and to amend the complaint is **GRANTED**; and it is further

**ORDERED**, that the plaintiff is directed to file and serve her amended complaint within 20 days of the date of this Order; and it is further

**ORDERED**, that the parties are directed to complete discovery pursuant to the scheduling order dated July 8, 2003.

**SO ORDERED.**