13-1301-cv
Fontanez v. Skepple

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges,

- - - - - - - - - - - - - - - - - - - -x

PRISCILLA FONTANEZ,
          Plaintiff-Appellant,

          -v.-                          13-1301-cv

ROMEO SKEPPLE AND WESTCHESTER COUNTY,
          Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:      Michael A. Deem, The Law Office of
                              Michael A. Deem, PLLC, Ossining,
                              New York.

FOR DEFENDANTS-APPELLEES:     Linda M. Trentacoste, Associate
                              County Attorney (James Castro-
                              Blanco, Chief Deputy County
                              Attorney, on the brief), for Robert
                              F. Meehan, Westchester County
                              Attorney, White Plains, New York.

---

* The Clerk of the Court is directed to amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Priscilla Fontanez ("Fontanez") appeals from the district court's March 7, 2013 judgment entered pursuant to its March 6, 2013 Opinion and Order granting the motion to dismiss of defendants-appellees Romeo Skepple ("Skepple") and Westchester County. See <u>Fontanez v. Skepple</u>, No. 12 Civ. 1582 (S.D.N.Y. March 6, 2013).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Fontanez sued defendants under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 *et seq.* (the "DPPA"), and state common law.  The DPPA bars the knowing disclosure by a state department of motor vehicles ("DMV") or "any officer, employee or contractor" of a DMV of "personal information . . . about any individual obtained by the department in connection with a motor vehicle record."  18 U.S.C. § 2721(a)(1); *see also* 18 U.S.C. § 2722(a) (rendering it unlawful for "any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title.").  The DPPA provides a civil cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter."  18 U.S.C. § 2724(a).  "Personal

-2-

information" includes a name and address. 18 U.S.C. § 2725(3). A "motor vehicle record" is defined as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(a)(1).

Fontanez alleged that Skepple, a corrections officer at the Westchester County Jail ("WCJ"), improperly obtained her name and home address from her New York State driver's license. Fontanez had voluntarily produced her license at the WCJ as proof of identity so that she could visit her boyfriend, Fernando DeJesus. Fontanez accused Skepple of using the personal information from her license -- her name and address -- to obtain her telephone number, which had been entered into the WCJ database.

On January 6, 2012, Skepple sent Fontanez flowers and a teddy bear, describing himself as her "new admirer." The same day, Skepple called Fontanez from his personal phone inquiring about the flowers and explaining who he was. He called a second time that day and threatened to retaliate if she reported his conduct to the police. He then sent her a photograph, via text message, of himself in his corrections officer uniform. The district court granted defendants' motion to dismiss, holding that Fontanez failed to state a claim under the DPPA. It also dismissed the pendent state claims for lack of jurisdiction.

On appeal, Fontanez argues that the district court erred in concluding that Skepple did not violate the DPPA when he obtained her personal information from her driver's license and

-3-

then used that information to obtain her telephone number from the WCJ database.  We review the district court's dismissal under Fed. R. Civ. P. 12(b)(6) <u>de novo</u>, and accept all material factual allegations in the complaint as true.  <u>Bryant v. N.Y. State Educ. Dep't</u>, 692 F.3d 202, 210 (2d Cir. 2012).

The district court correctly dismissed the DPPA claim. While Skepple's use of Fontanez's personal information was surely inappropriate, her reliance on the DPPA is misplaced, for the DPPA does not protect against the use of personal information obtained from a driver's license provided by the holder as proof of identity to gain access to a facility.

As expressed in section 2721(a), the DPPA was designed principally to protect against the disclosure of personal information obtained from searches of DMV records by DMV employees:

> <u>A State department of motor vehicles, and any officer, employee, or contractor, thereof,</u> shall not knowingly disclose or otherwise make available to any person or entity personal information . . .about any individual obtained by the department in connection with a motor vehicle record.

18 U.S.C. § 2721(a) (emphasis added).  Because the DPPA permits state DMVs to sell personal information from DMV records to private individuals and companies for certain limited purposes, *see* 18 U.S.C. §§ 2721(b), (c); <u>Gordon v. Softech Int'l, Inc.</u>, 726 F.3d 42, 49 (2d Cir. 2013), the DPPA also applies to disclosures by these individuals and entities.  As the Supreme Court explained in <u>Maracich v. Spears</u>:

> The enactment of the DPPA responded to at least two concerns over the personal information contained in state motor vehicle

-4-

> records. The first was a growing threat from stalkers and criminals who could acquire personal information from state DMVs. The second concern related to the States' common practice of selling personal information to businesses engaged in direct marketing and solicitation. To address these concerns, the DPPA "establishes a regulatory scheme that restricts <u>the State's ability to disclose</u> a driver's personal information without the driver's consent."

133 S. Ct. 2191, 2198 (2013) (citing <u>Reno v. Condon</u>, 528 U.S. 141, 144 (2000) (emphasis added).

Thus, the statute was intended to bar the State from disclosing personal information obtained from DMV records without the individual's consent. <u>See</u> 18 U.S.C. § 2721(d) (permitting release of information if "the individual waives such individual's right to privacy under this section"); <u>see</u> <u>also</u> <u>Reno v. Condon</u>, 528 U.S. at 146 (DPPA "regulates the resale and redisclosure of drivers' personal information by private persons who have obtained that information <u>from a state DMV</u>.") (emphasis added); <u>Luparello v. Inc. Vill. of Garden City</u>, 290 F. Supp. 2d 341, 344 (E.D.N.Y. 2003) (plaintiff must show that defendant "caused a DMV search to be made"). The DPPA was not designed to create a cause of action for every misuse of information on a driver's license voluntarily provided as proof of identity.

Here, Fontanez's personal information was not obtained from a search of DMV records by a DMV employee or authorized DMV reseller. Rather, a corrections officer obtained the personal information from her driver's license that she had provided as proof of identity and then used that information to find her telephone number in the WCJ computer database. These allegations are insufficient to support a claim under the DPPA. <u>See</u>, <u>e.g.</u>,

<u>Figueroa v. Taylor</u>, No. 06 Civ. 3676, 2006 WL 3022966, at *4 (S.D.N.Y. Oct. 23, 2006) (dismissing DPPA claim where employer gave plaintiff's home address to newspaper after obtaining it from plaintiff's learner's permit that was provided as requirement for employment); <u>Ocasio v. Riverbay Corp.</u>, No. 06 Civ. 6455, 2007 WL 1771770, at *4 (S.D.N.Y. June 19, 2007) (dismissing DPPA claim where employer gave plaintiff's name to newspaper after obtaining it from plaintiff's driver's license which was provided as a requirement for employment). Where the personal information at issue is not obtained from a state DMV, no DPPA cause of action can be found. Accordingly, Fontanez's DPPA was properly dismissed.

We have considered all of Fontanez's remaining arguments and conclude that they are without merit. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK